UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY GOOSS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> GEICO CASUALTY COMPANY, and DOES ) <br> I-V, and ROE CORPORATIONS I-V, ) <br> inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-01364-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Remand (ECF No. 5) filed by Plaintiff Jeffery Gooss ("Plaintiff"). Defendants GEICO Casualty Company ("GEICO") and Does I-V and Roe Corporations I-V did not respond to the motion.

## I.   BACKGROUND

This case arises out of a claim for uninsured motorist benefits of $100,000 made by Plaintiff to his insurer, GEICO, following an automobile collision on November 11, 2012. (Notice of Removal Ex. A ("Compl.") ¶¶ 6-12, ECF No. 1.) Plaintiff alleges that he suffered severe injuries and incurred medical expenses a result of the collision in excess of the other driver's insurance coverage for which GEICO has failed to pay an amount to fairly compensate him. (*Id.* ¶¶ 10-12.)

Plaintiff filed his original complaint on June 12, 2013, in the District Court of Clark County Nevada, alleging, *inter alia*, breach of contract, breach of the implied duty of good faith and fair dealing, and violations of the Nevada Unfair Claims Practices Act. (*See* Compl.) Pursuant to Nevada Revised Statutes § 680A.260, the Summons and Complaint were delivered to the Nevada Commissioner of Insurance on June 19, 2013. (*See* Notice of Removal Ex. B ("Proof of Service") ECF No. 1.) Service of process was then completed on June 20, 2013

when the Nevada Commissioner of Insurance mailed a copy of the Summons and Complaint to GEICO via certified mail. (*Id.*); Nev. Rev. Stat. § 680A.260(2).

On July 26, 2013, Plaintiff's counsel communicated to GEICO's counsel that he was willing to grant GEICO an extension until August 2 "to answer the complaint," and this conversation was memorialized in two letters sent via facsimile between counsels on July 29. (*See* Notice of Removal Ex. C ("Counsel Correspondence") ECF No. 1.) Subsequently, on August 1, 2013, GEICO filed its Notice of Removal of Action (ECF No. 1) on the grounds of diversity jurisdiction, and it filed its Answer to Complaint (ECF No. 4) with this Court the next day on August 2. On August 5, 2013, Plaintiff filed the present Motion to Remand (ECF No. 5), asserting that GEICO's Notice of Removal of Action (ECF No. 1) was not timely filed within the 30 days allowed under 28 U.S.C. § 1446(b)(1). (Motion to Remand 5:1-11, ECF No. 5); 28 U.S.C. § 1446(b)(1) ("the notice of removal of a civil action or proceeding shall be filed … within 30 days after the service of summons upon the defendant").

## II. **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly

construed' against removal jurisdiction." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

## III. DISCUSSION

For the reasons discussed below, the Court concludes that GEICO did not timely file its Notice of Removal of Action, and therefore, this case should be remanded to the Eighth Judicial District Court.

Regarding the timing of removal, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Here, GEICO received service of the Summons and Complaint on June 20, 2013 but did not file its Notice of Removal of Action (ECF No. 1) until August 1, forty-two days after completion of service.[1] (*See* Notice of Removal of Action.)

---

[1] There is an open question that has never been addressed by the Ninth Circuit concerning whether the 30-day period for removal begins to run only at the time of actual receipt of the complaint by the Defendant or whether it may also begin to run on the date service is completed when the complaint is mailed to the Defendant by the Nevada Commissioner of Insurance pursuant to Nev. Rev. Stat. § 680A.260 if that date precedes actual delivery. *See generally Pilot Trading Co. v. Hartford Ins. Grp.*, 946 F. Supp. 834 (D. Nev. 1996). Here, it is unclear from the record when GEICO actually received a copy of the Complaint. In his Motion to Remand, Plaintiff states that GEICO "received a copy of the Complaint via letter dated June 19, 2013," but no copy of the letter is provided and neither party indicates when this letter was received. (Motion to Remand 4:9, ECF No. 5). Likewise, a copy of the Complaint was sent to GEICO via certified mail by the Nevada Commissioner of

GEICO asserts that its Notice of Removal of Action (ECF No. 1) was timely filed because Plaintiff granted GEICO an extension until August 2 to respond to the Complaint. (Notice of Removal of Action 2:2-4, ECF No. 1.)  Plaintiff, however, asserts that he only granted GEICO an extension to file its answer to the Complaint, and that this extension did not also grant GEICO an extension to file a notice of removal beyond the thirty days from the date of service. (Motion to Remand 5:1-11, ECF No. 5); 28 U.S.C. § 1446(b)(1) ("the notice of removal of a civil action or proceeding shall be filed … within 30 days after the service of summons upon the defendant").

      Based on the language of the letter from Plaintiff's counsel granting GEICO "an extension to answer the complaint," it does not appear that any agreement was reached between the parties to extend the deadline for filing a notice of removal. (*See* Counsel Correspondence, ECF No. 1, Ex. C.)  Regardless of the intent of the parties concerning the scope of the Plaintiff's extension, however, the statutory time limit for filing a notice of removal is mandatory. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).  The 30-day time limit cannot be extended by continuance or stipulation. *Lewis v. City of Fresno*, 627 F.Supp.2d 1179, 1182 (E.D. Cal. 2008); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3732 (3d ed. & Supp.2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders").  Therefore, even if Plaintiff had intended to permit GEICO an extension to file its removal notice, such an agreement would not have extended the time limit. *See Littlefield v. Cont'l Cas. Co.*, 475 F. Supp. 887, 890 (C.D. Cal. 1979) ("The stipulation between

---

Insurance on June 20, 2013, but again there is no indication of when GEICO actually received the copy. (*See* Proof of Service, ECF No. 1, Ex. B.)  Assuming, however, that a copy of the Complaint was received by GEICO prior to July 1, 2013, eleven and twelve days after copies of the Complaint were mailed to GEICO, this determination has no effect on the outcome of the present matter.  The Court, therefore, declines to rule on the question.

the parties' attorneys to extend the time for Continental Casualty to respond to the complaint was not effective in and of itself to extend the deadline for removal, unless the Court were willing to construe it as a waiver by the plaintiff."); *Transp. Indem. Co. v. Fin. Trust Co.*, 339 F. Supp. 405, 408 (C.D. Cal. 1972) ("a stipulation merely to extend the time to move, answer or otherwise respond does not have the effect of authorizing or consenting to jurisdiction of the Federal Court under a later removal which was untimely filed.").

Failure to comply with the thirty-day time limitation renders the removal procedurally defective. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988).  Therefore, because GEICO's Notice of Removal of Action (ECF No. 1) was not timely filed, this Court must reject federal jurisdiction and remand this action to state court. *See Gaus*, 980 F.2d at 566. In addition, GEICO failed to file a response to Plaintiff's Motion to Remand (ECF No. 5), and pursuant to Local Rule 7-2(d) this Court considers GEICO's silence as constituting consent to grant the motion. D. Nev. R. 7-2(d).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED** and this case is remanded to the Eighth Judicial District Court.

**DATED** this 16th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge